UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILIP JENSEN, #QN6572, | |
| Plaintiff, | CIVIL ACTION NO. 1:24-cv-01092 |
| v. | (KANE, J.) <br> (SAPORITO, C.M.J.) |
| PENNSYLVANIA BOARD OF LAW EXAMINERS, et al., | |
| Defendants. | |

## REPORT AND RECOMMENDATION

This is a federal civil rights action by a convicted state prisoner, Philip Jensen, seeking declaratory relief against various state government entities or officials. Jensen claims that state professional licensing laws that preclude him, as a non-lawyer, from representing other individuals in state court proceedings violate his federal constitutional rights.[1]

---

[1] We note that the premise of the plaintiff's claim is dubious, at best. *See Murphy v. State Bd. of Law Examiners*, 429 F. Supp. 16, 17–18 (E.D. Pa. 1977) ("There is no inherent right to practice law in the state courts until the individual has established the requisite qualifications as prescribed by the state. . . . [T]he Supreme Court of Pennsylvania can constitutionally require applicants to meet standards of professional competence as long as the standards are reasonable."); *see also In re Lockwood*, 154 U.S. 116, 117 (1894); *Bradwell v. People*, 83 U.S. (16 Wall.)

(continued on next page)

On May 6, 2024, the clerk of another federal district court received and lodged a *pro se* complaint signed by the incarcerated plaintiff on May April 29, 2024. Doc. 1. The complaint was not accompanied by tender of the requisite filing and administrative fees. On June 3, 2024, the clerk received and filed the instant application to proceed *in forma pauperis*, together with a certified copy of the plaintiff's inmate account statement. Doc. 4; Doc. 5. On July 2, 2024, the case was transferred to this court. Doc. 6.

On July 15, 2024, we denied the plaintiff's motion to proceed *in forma pauperis* and directed him to remit the requisite $405 filing and administrative fees within thirty days. Doc. 8. In doing so, we explained that the plaintiff's inmate account statements indicated that, during a six-month period before commencement of this action, the plaintiff had access to sufficient funds to prepay the requisite filing and administrative fees—$2,576 in personal gifts had been deposited into Jensen's inmate account during that period. *Id.* Our order further

---

130, 139 (1872); *In re Christy*, 67 A.2d 85, 87 (Pa. 1949); *Ginsburg v. Kovrak*, 11 Pa. D. & C.2d 615 (Phila. Cnty. (Pa.) Ct. Comm. Pl. 1957); *cf. Smith v. State*, 233 U.S. 630, 636 (1914) ("If the service is public, the state may prescribe qualifications and require an examination to test the fitness of any person to engage in or remain in the public calling.").

instructed the plaintiff to remit payment of the filing and administrative fees within 30 days. *Id.*

Now, more than 30 days later, the plaintiff has not paid the required $405 filing and administrative fees to the Clerk of Court. Accordingly, we recommend that this action be dismissed without prejudice for failure to pay the requisite filing and administrative fees and that the Clerk be directed to administratively close this case. *See Lindsey v. Roman*, 408 Fed. App'x 530, 532–33 (3d Cir. 2010) (per curiam); *Parker v. Harrisburg City*, No. 17-CV-00653, 2017 WL 3015880, at *2 (M.D. Pa. June 7, 2017), *R&R adopted by* 2017 WL 3008583 (M.D. Pa. July 14, 2017).

For the foregoing reasons, it is recommended that:

1. This action be **DISMISSED without prejudice** for failure to pay the requisite filing and administrative fees; and

2. The clerk be directed to mark this case as **CLOSED**.

Dated: August 13, 2024            *s/Joseph F. Saporito, Jr.*
                                  JOSEPH F. SAPORITO, JR.
                                  Chief United States Magistrate Judge

- 3 -

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILIP JENSEN, #QN6572, <br><br> Plaintiff, <br><br> v. <br><br> PENNSYLVANIA BOARD OF LAW EXAMINERS, et al., <br><br> Defendants. | CIVIL ACTION NO. 1:24-cv-01092 <br><br> (KANE, J.) <br> (SAPORITO, C.M.J.) |

## NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated August 13, 2024. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Dated: August 13, 2024            *s/Joseph F. Saporito, Jr.*
                                  JOSEPH F. SAPORITO, JR.
                                  Chief United States Magistrate Judge